# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN SANCHEZ-RIVERA, Reg. No. 073-830-803, <br><br><br> Plaintiff, <br><br> vs. <br><br><br> JORGE BRIBIESCA; ALEX PALACIOS; SIXTO MARRERO; EDWARD E. RUIZ; NICK RODRIGUEZ; JOSE BUILTEMAN; GEORGE CORTEZ, <br><br><br> Defendants. | Case No. 20cv1264-MMA-MSB <br><br> **ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;** <br><br> [Doc. No. 2] <br><br> **DENYING MOTION FOR APPOINTMENT OF COUNSEL;** <br><br> [Doc. No. 4] <br><br> **DISMISSING CIVIL ACTION  FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |

Plaintiff Juan Sanchez-Rivera, a federal immigration detainee at the Imperial Regional Detention Facility ("IRDF") in Calexico, California, and proceeding *pro se*, has filed a civil rights Complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  *See* Doc. No. 1 ("Compl.").  In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP"), along with a Motion to Appoint Counsel.  *See* Doc. Nos. 2, 4.

## I.    Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

"Unlike other indigent litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]."  *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002).  As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915(h).

A person detained and subject to removal or deportation, however, is not a "prisoner" under § 1915(h).  *Agyeman*, 296 F.3d at 886; *Ojo v. INS*, 106 F.3d 680, 682-83 (5th Cir.1997) (holding that a detainee of the Immigration and Naturalization Service is not a prisoner for purposes of the PLRA filing fee provision); *cf. Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir 2005) ("civil detainee" is not a "prisoner" within the meaning of the PLRA).

Because Plaintiff is currently detained at IRDF as an immigration detainee, he does not meet the definition of "prisoner" under 28 U.S.C. § 1915(h), and the filing fee provisions of 28 U.S.C. § 1915(b) are not applicable to this case.  *Agyeman,* 296 F.3d at 886.  Therefore, the Court has reviewed Plaintiff's affidavit of assets, just as it would for

---

[1]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

any other non-prisoner litigant seeking IFP status, and finds it is sufficient to show that he is unable to pay the fees or post securities required to maintain a civil action.  *See* CIVLR 3.2(d).  Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

**II.     Motion to Appoint Counsel**

Plaintiff requests that the Court appoint him counsel due to his indigence and the complexity of the issues involved in this case.  *See* Doc. No. 4 at 2.

All documents filed pro se are liberally construed, and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations omitted)).  But there is no constitutional right to counsel in a civil case; and Plaintiff's FAC does not demand that the Court exercise its limited discretion to request than an attorney represent him pro bono pursuant to 28 U.S.C. § 1915(e)(1) at this stage of the case.  *See Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981); *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).  Only "exceptional circumstances" support such a discretionary appointment.  *Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Exceptional circumstances exist where there is cumulative showing of both a likelihood of success on the merits and a demonstrated inability of the pro se litigant to articulate his claims in light of their legal complexity.  *Id.*

As currently pleaded, Plaintiff's Complaint demonstrates that while he may not be formally trained in law, he nevertheless is fully capable of legibly articulating the facts and circumstances relevant to his claims, which are typical and not legally "complex." *Agyeman*, 390 F.3d at 1103.  Moreover, for the reasons discussed below, Plaintiff has yet to show he is likely to succeed on the merits of the claims.  Therefore, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel.

*//*

**III.     Screening of Plaintiff's Complaint**

    A.     <u>Standard of Review</u>

A complaint filed by *any* person proceeding IFP is subject to sua sponte dismissal, however, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*  The "mere possibility of misconduct" falls short of meeting this plausibility standard.  *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir.

2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

B.    Plaintiff's Factual Allegations

On January 16, 2020, Plaintiff claims that the toilet in his cell "was not functioning." Compl. at 4. "Maintenance staff conducted some work on it and the toilet was adjusted to flush properly." *Id.* at 4-5. Plaintiff claims that "hours later," there was water "pouring through the sides of the sink which is connected to the toilet" and began "flooding his cell." *Id.* at 5.

Plaintiff "notified the dorm officer" to have the "plumbing issue" repair or "as an alternative he sought to be moved to a different cell." *Id.* The "dorm officer" then "notified the shift supervisor Sergeant George Cortez" who denied Plaintiff's request to be moved to a different cell. *Id.*

Two days after Plaintiff requested that the plumbing issue in his cell be repaired, Plaintiff claims he "stepped out of the shower" and "slipped on the puddle of water created by the leak from the sink." *Id.* Plaintiff fell to the ground causing him to hit his "head on the metal frame of the bed." *Id.*

Staff "observed that Plaintiff had suffered an accident" and "activated an 'ICS' emergency alarm that summoned medical staff to the scene of the accident." *Id.* A day after the incident, Plaintiff "filed a facility complaint" in which he sought "administrative action against Imperial facility supervisors." *Id.* Plaintiff claims he continues to suffer from "severe head pain, headache pain, and neck and back pain" as a result of the fall in his cell. *Id.* at 6.

Plaintiff "initiated a separate grievance" on January 25, 2020 regarding "inadequacy, untruthfulness and lack of consideration regarding detainee concerns." *Id.* Plaintiff also filed a grievance on February 18, 2020 against the "medical department for their poor performance in the writing of the accident/medical report relevant to the incident." *Id.*

Plaintiff then submitted grievances to ICE on March 3, 2020 and March 4, 2020 "which were received and adjudicated by the ICE Compliance Unit" on March 5, 2020. *Id.* at 7.  Plaintiff claims he was "provided with partial documentation" which indicated that "SDDO Bribiesca will be notified of his request."  *Id.*

On April 1, 2020, Plaintiff was "cell extracted from his cell and taken to segregated confinement without given an explanation."  *Id.* at 8.  Plaintiff was told that he was placed in segregated confinement "due to Incident Report" prepared by Defendant Builteman charging Plaintiff with "inciting others to riot" and "threatening a staff member with bodily harm."  *Id.*  Plaintiff alleges Builteman wrote the report "predicated entirely on the purported accounts of (2) confidential sources."  *Id.*  The allegations of the "confidential sources" indicated that "detainees planned a staff assault" to take place on Apri1 1, 2020.  *Id.*  Plaintiff claims the report "only vaguely identified Plaintiff's role in the allegations."  *Id.*  He further claims Builteman "omitted significant details relating to any standard ensuant investigation."  *Id.* at 9.

Builteman's report was "reviewed for accuracy" by Defendant Rodriguez.  *Id.* Defendant Marrero "conducted final authorization for Plaintiff's placement in segregated confinement."  *Id.*  A subsequent investigation was conducted and "Investigating Officer" Sergeant Nelson "recommended that Plaintiff answer to disciplinary charges noting that there was 'sufficient evidence.'"  *Id.*

An "Institution Disciplinary Panel," presided over by Facility Lieutenant Wendy Cuevas, determined that "no prohibited act was committed" and the "evidence [was] not enough to support charges" and recommended that the charges be dismissed.  *Id.*

However, on April 7, 2020, Defendant Marrero found there was "sufficient document evidence to support the charge of 'inciting others to riot'" and imposed a sanction of thirty (30) days of "disciplinary segregated detention."  *Id.*

On April 15, 2020, Plaintiff "submitted a facility grievance" in which he appealed the "adverse findings."  *Id.* at 9.  However, Defendant Ruiz "denied Plaintiff's appeal and added untruthful uncorroborated detail otherwise not present in the record."  *Id.*  Plaintiff

then "sought relief" by "seeking to redress his unresolved concerns by submitting his grievances to ICE pursuant to ICE detention facilities." *Id.* However, Plaintiff claims ICE "refused to adjudicate Plaintiff's grievance." *Id.*

Plaintiff seeks compensatory damages, punitive damages, and damages for "physical and emotional injuries." *Id.* at 12-13.

C.   <u>Bivens</u>

Plaintiff has brought his claims pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). "In *Bivens*, the Supreme Court 'recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights.'" *Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018) (quoting *Hernandez v. Mesa*, __ U.S. __, 137 S. Ct. 2003, 2006 (2017) (citation omitted)). "In the limited settings where *Bivens* does apply, the implied cause of action is the 'federal analog to suits brought against state officials under Rev. Stat. § 1979, 42 U.S.C. § 1983.'" *Iqbal*, 556 U.S. at 675-76 (quoting *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006)).

D.   <u>Individual Liability</u>

As an initial matter, the Court finds that Plaintiff's Complaint is devoid of any specific factual allegations as to what Defendant Palacios did, or did not do, in relation to the alleged constitutional violations identified by Plaintiff. In addition, as to Defendant Bribiesca, Plaintiff's only allegation against him is his claim that Plaintiff was informed that Bribiesca "will be notified" of Plaintiff's request for documentation in support of a grievance he attempted to file. Compl. at 6.

"Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least me degree of particularity overt acts which defendants engaged in" in order to state a claim). Therefore, Plaintiff must

include in his pleading sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, and describe personal acts by each individual defendant which show a direct causal connection to a violation of specific constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

As currently pleaded, Plaintiff's Complaint fails to include any factual content to suggest that either Palacios or Bribiesca personally participated in, directed, or caused him to suffer any constitutional injury. He must provide more than "unadorned, the defendant-unlawfully-harmed-me accusations," in order to plead a plausible claim for relief. *See Iqbal*, 556 U.S. at 678. Thus, without more, Plaintiff's allegations as to Palacios or Bribiesca are subject to sua sponte dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

E.   *Bivens* claims

Plaintiff also alleges that Defendants who are alleged to be employees of IRDF, a private institution that contracts with ICE[2], failed to provide him adequate medical care after he suffered injuries from falling in his cell. *See* Compl. at 6. In addition, Plaintiff alleges that these individuals have also violated his right to due process under the Fifth Amendment. *See id.* at 10.

"In *Bivens*, the Supreme Court 'recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights.'" *Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018) (quoting *Hernandez v. Mesa*, __ U.S. __, 137 S. Ct. 2003, 2006 (2017) (citation omitted)). *Bivens* arose in the context of a Fourth Amendment violation, however, and the Court has "only expanded [*Bivens'*] 'implied cause of action' twice." *Id.* (quoting *Ziglar v. Abassi*, __ U.S. __, 137 S. Ct. 1843, 1854 (2017)). The Court expanded *Bivens*

---

[2] *See* https://www.mtctrains.com/facility/imperial-regional-detention-facility (website last visited August 2, 2020).

to Eighth Amendment inadequate medical care claims raised by a federal prisoner's decedents. *Id.* (citing *Carlson v. Green*, 446 U.S. 14, 24-25 (1980) (concluding that "[a] federal official contemplating unconstitutional conduct [in the context of an Eighth Amendment] medical care [claim]… must be prepared to face the prospect of a *Bivens* action.")).

However, the Court has expressly refused to extend liability for constitutional violations to private actors who contract with the federal government. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 74 (2001). Thus, to the extent Plaintiff seeks to hold IRDF employees liable for damages incurred under color of *federal* law, he fails to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 679. A *Bivens* action may only be brought against a federal official in his or her individual capacity. *See Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987). *Bivens* does not authorize a suit for money damages against a private entity like IRDF or its employees. *See Malesko*, 534 U.S. at 66 n.2 (holding that *FDIC v. Meyer*, 510 U.S. 471 (1994), "forecloses the extension of *Bivens* to private entities."); *Minneci v. Pollard*, __U.S. __, 132 S. Ct. 617, 626 (2012) (foreclosing *Bivens* relief where federal prisoner sought damages from privately employed prison personnel, and despite Eighth Amendment inadequate medical care allegations, on grounds that the "conduct is of a kind that typically falls within the scope of traditional state tort law," and therefore "the prisoner must seek a remedy under state tort law.").

Accordingly, to the extent Plaintiff's Complaint alleges constitutional violations committed by Defendants, who are alleged to be employed by IRDF, he fails to state a plausible claim upon which *Bivens* relief may be granted.

## III. Conclusion and Order

Based on the foregoing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP;

2. **DENIES** Plaintiff's Motion to Appoint Counsel;

3.     **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief can granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1);

4.     **GRANTS** Plaintiff sixty (60) days leave from the date of this Order in which to file an Amended Complaint that cures the deficiencies of pleading described above. Plaintiff's Amended Complaint must be complete by itself without reference to his original complaint.  *See* CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty*., 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

Should Plaintiff elect not to proceed by filing an Amended Complaint within 60 days, the Court will enter a final Order of dismissal of this civil action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and for failure to prosecute in compliance with a Court Order requiring amendment.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to prosecute permitted if plaintiff fails to respond to a court's order requiring amendment of complaint); *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

5.     **DIRECTS** the Clerk of Court to mail Plaintiff a civil rights form complaint for his use in amending his claims.

**IT IS SO ORDERED**.

Dated: August 5, 2020

HON. MICHAEL M. ANELLO
United States District Judge

7