# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN SANCHEZ-RIVERA, Reg. No. 073-830-803,<br><br>Plaintiff,<br><br>vs.<br><br>JORGE BRIBIESCA; ALEX PALACIOS; SIXTO MARRERO; EDWARD E. RUIZ; NICK RODRIGUEZ; JOSE BUILTEMAN; GEORGE CORTEZ,<br><br>Defendants. | Case No. 20cv1264-MMA-MSB<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)** |

## I. Procedural History

On July 6, 2020, Plaintiff Juan Sanchez-Rivera, a federal immigration detainee at the Imperial Regional Detention Facility ("IRDF") in Calexico, California, and proceeding pro se, filed a civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See* Doc. No. 1. In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP"), along with a Motion to Appoint Counsel. *See* Doc. Nos. 2, 4. The Court granted Plaintiff's Motion to

Proceed IFP, denied his Motion to Appoint Counsel, and after conducting the statutorily prescribed screening, dismissed his complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2). *See* Doc. No. 5. The Court granted Plaintiff leave to file an amended complaint in order to correct the deficiencies of pleading identified in the Court's Order. *See id.* Plaintiff has now filed a First Amended Complaint ("FAC"). *See* Doc. No. 6.

**II.    Screening of Plaintiff's Complaint**

A.    Standard of Review

As the Court previously informed Plaintiff, any complaint filed by any person proceeding IFP is subject to sua sponte dismissal if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all

allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

B.     Plaintiff's Factual Allegations

On January 26, 2020, Plaintiff claims that the "toilet in Plaintiff's cell was not functioning." FAC at 5. "Maintenance staff conducted some work on it" but "hours later," Plaintiff's cell began to flood. *Id*. Plaintiff asked the "dorm officer" to move to a different cell but he alleges this request was denied by "shift supervisor Sergeant George Cortez." *Id*. The following day, Plaintiff alleges that he "slipped on the puddle of water created by the link from the sink" which caused him to fall and hit his head "on the metal frame of the bed." *Id*.

Plaintiff alleges that he filed a grievance regarding this incident on January 25, 2020. *See id*. at 6. On February 18, 2020, Plaintiff "initiated a grievance against medical department for their poor performance in the writing of the accident/medical report relevant to the incident." *Id*.

Plaintiff "submitted his grievance(s) to ICE" on March 3, 2020 and March 4, 2020. *Id*. Plaintiff claims Defendant Palacios "provided Plaintiff with partial documentation" which purportedly contained only "vague information regarding the grievance(s) report completed by the ICE Compliance Unit." *Id*. On March 5, 2020, Plaintiff "received a response" that "SDDO Bribiesca will be notified" of his "request seeking to be provided with withheld documentation." *Id*. at 7.

On April 1, 2020, Plaintiff was "cell extracted" and "taken to segregated confinement without given an explanation." *Id.* Plaintiff claims Defendant Builteman told him to "continue submitting grievances." *Id.* The following day, Plaintiff was provided with an "Incident Report" written by Builteman charging Plaintiff with "inciting others to riot" and "threatening a staff member with bodily harm." *Id.* Plaintiff claims Builteman "omitted significant details" relating to the investigation of the allegations. (*Id.* at 8.) Plaintiff claims Defendant Rodriguez reviewed the report for "accuracy." *Id.*

At a "subsequent Institution Disciplinary Panel," it was determined that "no prohibited act was committed" and there was insufficient evidence to "support charges." (*Id.*) It was recommended that the "charges be dismissed." *Id.*

On April 7, 2020, Defendant Marrero "imposed the following sanctions of [thirty] days of disciplinary segregation" after finding that there was "sufficient document evidence" to support the charges against Plaintiff. *Id.* at 8-9.

Plaintiff submitted a grievance on April 15, 2020 in "which Plaintiff sought an explanation as to why the facility administrator" found Plaintiff "guilty and imposed disciplinary segregated confinement upon him." *Id.* at 9. Defendant Assistant Facility Administrator Ruiz "denied Plaintiff's appeal" and Plaintiff claims he "added untruthful uncorroborated detail." *Id.*

Plaintiff alleges that he attempted to submit a grievance to ICE but "Defendant Ortega refused to forward Plaintiff's grievance to the ICE Compliance Unit for review and investigation." *Id.* However, later "ICE Officer Jessica Becerra advised Plaintiff that his grievance request will be forwarded to the Compliance Unit." *Id.* at 10. Plaintiff alleges Defendant Bribiesca "refused to investigate, review, and adjudicate Plaintiff's grievance." *Id.* Plaintiff seeks compensatory and punitive damages against all named Defendants. *Id.* at 13-14.

C. *Bivens*

Plaintiff brings his claims pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). "In *Bivens*, the Supreme Court

'recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights.'" *Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018) (quoting *Hernandez v. Mesa*, __ U.S. __, 137 S. Ct. 2003, 2006 (2017) (citation omitted)). "In the limited settings where *Bivens* does apply, the implied cause of action is the 'federal analog to suits brought against state officials under Rev. Stat. § 1979, 42 U.S.C. § 1983.'" *Iqbal*, 556 U.S. at 675-76 (quoting *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006)). *Bivens* arose in the context of a Fourth Amendment violation, however, and the Court has "only expanded [*Bivens'*] 'implied cause of action' twice." *Id.* (quoting *Ziglar v. Abassi*, __ U.S. __, 137 S. Ct. 1843, 1854 (2017)); *see also Carlson v. Green*, 446 U.S. 14 (1980) (providing a *Bivens* remedy under the Eighth Amendment's Cruel and Unusual Punishments Clause for failure to provide adequate medical treatment to a prisoner); *Davis v Passman*, 442 U.S. 228 (1979) (providing a *Bivens* remedy under the Fifth Amendment's Due Process Clause for gender discrimination.)

For claims arising in a "new context" under *Abassi*, the Supreme Court has fashioned a "two-step analysis for determining congressional intent as to the appropriateness of a *Bivens* remedy." *Western Radio Services Co. v. U.S. Forest Service*, 578 F.3d 1116, 1120 (9th Cir. 2009) (citing *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)). First, a court must determine "whether any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages." *Wilkie*, 551 U.S. at 550. Second, "a *Bivens* remedy will not be available if there are 'special factors counselling hesitation in the absence of affirmative action by Congress.'" *Abassi*, 137 S.Ct. at 1857 (quoting *Carlson*, 446 U.S. at 18.) "'Alternative remedial structure' can take many forms, including administrative, statutory, equitable, and state law remedies." *Vega*, 881 F.3d at 1154.

D. <u>First and Fifth Amendment claims</u>

Plaintiff alleges Defendants "intentionally retaliated against Plaintiff for exercising his right to seek redress from the use of the grievance system violating Plaintiff's rights

1 under the First Amendment." FAC at 11. Plaintiff also claims that Defendants violated
2 his "due process rights under the Fifth Amendment of the United States Constitution and
3 contributed to Plaintiff's unjustifiable placement in segregated disciplinary confinement."
4 *Id.* at 12. Finally, Plaintiff claims Defendants' "abject failure to authorize cell move" led
5 to an "unreasonable risk for Plaintiff's safety and violated Plaintiff's "right to substantive
6 due process under the Fifth Amendment of the United States constitution." *Id.* at 10.

7 First, the Supreme Court has never implied a *Bivens* action under the First
8 Amendment. *See Iqbal*, 556 U.S. at 675 (noting Supreme Court's refusal to "extend
9 *Bivens* to a claim sounding in the First Amendment.") (citing *Bush v. Lucas*, 462 U.S.
10 367 (1983)); *see also Reichle v. Howards*, 566 U.S. 658, 663 n. 4 (2012) ("We have
11 never held that *Bivens* extends to First Amendment claims."). In addition, the Ninth
12 Circuit, in a recent unpublished decision, also declined to extend a *Bivens* remedy to a
13 plaintiff's claim that he was retaliated against for filing administrative grievances.
14 *Buenrostro v. Fajardo*, 770 F. App'x 807 (9th Cir. 2019).

15 Second, the Supreme Court has never implied a *Bivens* action under the Fifth
16 Amendment for a due process claim arising from the purported failure to provide due
17 process before being housed in segregated confinement. In addition, the Ninth Circuit
18 has declined to extend a *Bivens* remedy to a "Fifth Amendment procedural due process
19 claims arising out of a prison disciplinary process." *Vega*, 881 F.3d at 1153-54.
20 Likewise, the Supreme Court has never implied a *Bivens* action for a Fifth Amendment
21 substantive due process claim arising from conditions of confinement.

22 Therefore, Plaintiff's First Amendment retaliation claim and Fifth Amendment due
23 process claims present a new context in *Bivens* and requires consideration of special
24 factors to determine whether a *Bivens* action should be extended to Plaintiff's claims.

25 "The existence of alternative remedies usually precludes a court from authorizing a
26 *Bivens* action." *Abassi*, 137 S.Ct. at 1865. Here, Plaintiff own allegations throughout his
27 FAC indicate that he had alternative remedies available to him as he engaged repeatedly
28 in the administrative grievance process. *See Correctional Services Corp. v. Malesko*, 534

U.S. 61, 69 (2001) ("So long as the plaintiff had an avenue for some redress, bedrock principles of separation of powers foreclosed judicial imposition of a new substantive liability."). Even if Plaintiff did not obtain the relief he sought in pursuing these alternative remedies, "does not mean that he did not have access to alternative or meaningful remedies." *Vega*, 881 F.3d at 1155.

Thus, the Court finds because he had alternative remedies available to him, that Plaintiff has not articulated a reason to extend a *Bivens* remedy to any of Plaintiff's claims.

E. <u>Leave to Amend</u>

Because Plaintiff would not be able to allege facts to cure the fact that a *Bivens* remedy is not available to him, the Court finds granting further leave to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of ... leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).

**III. Conclusion and Order**

For the reasons discussed, the Court:

1) **DISMISSES** this civil action without further leave to amend for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B);

2) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and

3) **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

DATE: August 25, 2020

HON. MICHAEL M. ANELLO
United States District Judge